UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISMAEL ROLON-AYALA,

    Petitioner,

v.                                                       CASE NO. 8:10-CV-1086-T-30EAJ
                                                       CRIM. CASE NO. 8:04-CR-457-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (hereinafter "§ 2255 motion") challenging his 2005 conviction for conspiracy to distribute and possession with intent to distribute one kilogram or more of a mixture or substance containing heroin (CV Dkt. 1). Upon consideration, the Court concludes that Petitioner's § 2255 motion is time-barred, and Petitioner has not alleged a basis for equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted . . . to consider, sua sponte, the timeliness of a . . . habeas petition").

**Background**

On March 28, 2005, a jury found Petitioner guilty of conspiracy to distribute and possession with intent to distribute one kilogram or more of a mixture or substance containing heroin (CR Dkt. 281). On July 13, 2005, judgment was entered, and this Court

sentenced Petitioner to 360 months imprisonment, and 10 years supervised release (CR Dkt. 377).

Petitioner appealed. On May 10, 2007, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence (CR Dkt. 544); *United States v. Salazar*, 245 Fed. Appx. 1 (11th Cir. 2007) (unpublished opinion). On October 1, 2007, the United States Supreme Court denied Petitioner's petition for writ of certiorari. *Rolon-Ayala v. United States*, 552 U.S. 929 (2007).

**Timeliness Analysis**

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for filing motions under 28 U.S.C. § 2255, to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (April 24, 1996).

For final judgments entered after the April 24, 1996, effective date of the AEDPA, the statute of limitations begins to run on the date the district court's judgment of conviction becomes final. Petitioner's judgment of conviction became final on October 1, 2007, when

the Supreme Court denied his petition for a writ of certiorari. *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) ("If a prisoner petitions the Supreme Court for a writ of certiorari, his conviction becomes final when the Supreme Court denies the petition or affirms the conviction.") (citing *Clay v. United States*, 537 U.S. 522, 527 (2003) (applying the one-year statute of limitations for federal habeas petitions, 28 U.S.C. § 2255)). After the judgment became final, Petitioner had one year to file his § 2255 motion. The present § 2255 motion, filed May 7, 2010, clearly was not filed within one year after the judgment was final. It was filed over 29 months after the judgment was final in this case. Accordingly, Petitioner's § 2255 motion is untimely.

**Equitable Tolling**

The § 2255 motion is time-barred and subject to dismissal unless Petitioner can show that he was prevented from filing a timely § 2255 motion because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (Equitable tolling appropriate when movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.). The burden of establishing entitlement to this extraordinary remedy plainly rests with the Petitioner. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied*, 537 U.S. 1237 (2003). Here, Petitioner does not allege or demonstrate that he is entitled to equitable tolling. Accordingly, his § 2255 motion is time-barred.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's § 2255 motion to vacate (CV Dkt. 1) is **DISMISSED** as time-barred.

2. The Clerk is directed to terminate any pending motions, and close this case.

3. If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion on or before **June 10, 2010.**

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 11, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*